# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| STANLEY E. REDD, JR., | ) | CASE NO. 4:17-cv-00280 |
| --- | --- | --- |
| PETITIONER, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| TOM SCHWEITZER, | ) ) ) | **REPORT & RECOMMENDATION** |
| RESPONDENT. | ) | |

On February 8, 2017,[1] Petitioner Stanley E. Redd, Jr. ("Petitioner" or "Redd"), through counsel, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Petition"). Doc. 1.[2] Redd challenges the constitutionality of his April 2013 conviction and sentence in *State of Ohio v. Stanley E. Redd, Jr.*, Case No. 2011 CR 00163 (Trumbull County) following his no contest plea to an amended indictment which included two counts of trafficking in cocaine and one count of possession of cocaine. Doc. 1, Doc. 8-1, pp. 9-15, 16-19.

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2. Doc. 6. For the reasons set forth herein, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 8) and **DISMISS with prejudice** Redd's Petition (Doc. 1) as barred by the statute of limitations.

---

[1] The case was transferred to this Court from the Southern District of Ohio on February 10, 2017.

[2] Citations to the record are to ECF Doc. numbers and page numbers within the ECF Doc.

1

## I. Background

**A. State conviction and sentencing**

In May 2011, the Trumbull County Grand Jury indicted Redd on two counts of trafficking in cocaine, fifth degree felonies (Counts 1 and 2) and one count of possession of cocaine, a first degree felony (Count 3). Doc. 8-1, pp. 4-7. All three counts included forfeiture specifications. Doc. 8-1, pp. 4-7. At his arraignment in May 2011, Redd entered a plea of not guilty to the indictment. Doc. 8-1, p. 8. Thereafter, in January 2013, Redd withdrew his not guilty plea and entered a plea of no contest to an amended indictment, which included two counts of drug trafficking, fifth degree felonies (Counts 1 and 2) and one count of possession of cocaine, a second degree felony (Count 3). Doc. 8-1, pp. 9-15. All three counts included forfeiture specifications. Doc. 8-1, p. 9-15. Redd signed the plea, which included an explanation of his appeal rights.[3] Doc. 8-1, pp. 14, 15.

On April 17, 2013, a sentencing hearing was held and the trial court sentenced Redd to 11 months in prison on each of Counts 1 and 2 and 4 years in prison on Count 3, to be served concurrent to each other for a total prison sentence of 4 years.[4] Doc. 8-1, pp. 16-19. As of April 13, 2017, Redd had served his 4 year prison sentence in Case No. 2011 CR 00163 but remains incarcerated due to an 18-month sentence imposed in another drug possession case, Trumbull

---

[3] The plea signed by Redd included the following statement:

> My attorney has advised me that I may only be able to appeal the imposition of a maximum sentence or other procedural issues regarding this plea. I also understand my other limited appellate rights that have been explained to me by the Court, and that I must file an appeal within thirty (30) days of my sentence. I also understand that under certain circumstances, the State may appeal my sentence.

Doc. 8-1, p. 14.

[4] The sentencing entry was journalized on April 24, 2013. Doc. 8-1, p. 18.

County Case No. 2013 CR 870, which sentence was ordered to be served consecutive to the sentence imposed in Case No. 2011 CR 00163.[5]  Doc. 8-1, pp. 20-26.

**B.      Direct appeal**

On May 23, 2013, Redd, through counsel, filed a notice of appeal to the Eleventh District Court of Appeals.  Doc. 8-1, pp. 27-37.  On August 1, 2013, the State filed a Motion to Dismiss Redd's appeal for failure to prosecute, arguing that Redd had failed to file an appellate brief as required by the appellate rules and had not filed a motion for extension of time to file his appellate brief.  Doc. 8-1, pp. 38-39.  Redd did not file an opposition to the State's Motion to Dismiss.  Doc. 8-1, p. 40.  On September 16, 2013, the court of appeals granted the State's Motion to Dismiss and dismissed Redd's appeal for failure to prosecute.  Doc. 8-1, p. 40.

On December 4, 2013, Redd, through counsel, filed a Motion to Reinstate Case.  Doc. 8-1, pp. 41-43.  The State filed an opposition to Redd's Motion to Reinstate Case.  Doc. 8-1, pp. 44-46.  On March 11, 2014, the court of appeals denied Redd's Motion to Reinstate Case, stating, in part, that "[A]ppellant's brief was due on July 22, 2013.  The appeal was not dismissed for failure to prosecute until September 16, 2013.  Appellant did not request that the appeal be reinstated until December 4, 2013."  Doc. 8-1, p. 47.

**C.      Motion for leave to file delayed appeal**

On March 23, 2015, Redd, acting *pro se*, filed a Notice of Appeal and Motion for Leave to File Delayed Appeal in the Eleventh District Court of Appeals.  Doc. 8-1, pp. 48-55, 56-59.

---

[5] Although Redd has served his 4 year prison term in Case No. 2011 CR 00163, he was incarcerated at the time this case was filed and he remains subject to a post-release control sentence upon his future release from prison (Doc. 8, p. 8, n. 3; Doc. 8-1, pp. 18-19, 20).  Thus, he satisfies the "in custody" requirement of 28 U.S.C. §§ 2241(c)(3) and 2254(a) and his case is not moot.   *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Thomas v. Morgan*, 109 F.Supp.2d 763, 767 (N.D. Ohio 2000) ("Although generally recognized as actual, physical custody, a petitioner may be considered 'in custody' for purposes of habeas review if the petitioner is subject to restraints not shared by the public generally.") (citing *Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973)); *see also State v. Martello*, 97 Ohio St.3d 398, 402 (2002) ("[P]ost-release control is part of the original judicially imposed sentence.") (internal citations omitted).

Redd asserted as reasons for his untimely filing that "he was never informed by defense counsel or the court that he had a right to appeal his sentence." Doc. 8-1, pp. 58-59. Redd acknowledged that his appellate counsel had timely filed a notice of appeal on May 23, 2013; that said appeal was later dismissed on September 16, 2013; and that his appellate counsel's later attempt to reinstate the appeal was denied on March 11, 2014. Doc. 8-1, p. 54. On March 25, 2015, the State opposed Redd's motion, arguing that Redd had signed a plea form which contained an acknowledgement of his appellate rights and that he had waited 18 months after the dismissal of his appeal to seek to protect his limited appellate rights and, therefore, he had not acted diligently. Doc. 8-1, pp. 60-69. On April 2, 2015, Redd filed a response in support of his motion for leave, arguing he was prejudiced by his appellate counsel's failure to prosecute his appeal and the State would not be prejudiced by allowing Redd the ability to proceed with an appeal. Doc. 8-1, pp. 70-73. On August 3, 2015, the Eleventh District Court of Appeals overruled Redd's motion for leave and dismissed his appeal (Doc. 8-1, pp. 74-77), stating:

> {¶14} First, as correctly indicated in appellee's response to the present motion, page six of appellant's signed plea reflects that he was advised by counsel and the trial court that he had a limited right to appeal his sentence within 30 days.
>
> {¶15} Secondly, appellant waited over a year to file his motion for leave to appeal and notice of appeal after his motion to reinstate his previous appeal was overruled by this court. Not only has appellant not offered any convincing reason for filing a late appeal of his conviction and sentence, but he has also failed to explain the delay of over a year to appeal after his motion to reinstate was overruled.

Doc. 8-1, p. 76.

On September 17, 2015, Redd, through counsel, filed a notice of appeal from the Eleventh District Court of Appeals' August 3, 2015, judgment with the Supreme Court of Ohio. Doc. 8-1, pp. 78-79. In his memorandum in support of jurisdiction (Doc. 8-1, pp. 80-87), Redd raised one proposition of law:

> Proposition of Law No. 1: When Reviewing A Motion To Dismiss A *Pro Se* Litigant's Cause Or Motion, Inartful Pleadings Should Be Liberally Construed In Favor Of The *Pro Se* Litigant.

Doc. 8-1, p. 85. On October 16, 2015, the State filed a memorandum in opposition to jurisdiction. Doc. 8-1, pp. 88-96. On February 10, 2016, the Supreme Court of Ohio declined to accept jurisdiction of Redd's appeal. Doc. 8-1, p. 97.

**D.     Federal habeas corpus petition**

On February 8, 2017, Redd, through counsel, filed his federal habeas corpus petition (Doc. 1) raising one ground for relief:

> **GROUND ONE**: Petitioner's constitutional rights pursuant to, inter alia, the due process clause of the federal constitution, were violated when the Ohio state courts failed to liberally construe Petitioner's filings and ignored a stark violation of Petitioner's right to effective assistance of counsel.

Doc. 1, p. 17.

On April 26, 2017, Respondent filed a motion to dismiss. Doc. 8. On July 20, 2017, Redd, through counsel, responded to the motion to dismiss. Doc. 11. On July 26, 2017, Respondent filed a reply brief in support of his motion. Doc. 12.

### III.     Law and Analysis

Respondent argues that Redd's Petition should be dismissed because it is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Redd contends that the Court should apply equitable tolling and find his petition not barred by the statute of limitations.

**A.     Standard of Review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

5

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**B.     AEDPA statute of limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus and provides, in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of --

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## C. Redd's petition is barred by AEDPA's statute of limitations

The court of appeals issued its decision dismissing Redd's appeal for failure to prosecute on September 16, 2013. Doc. 8-1, p. 40. Redd had 45 days to appeal that decision to the Supreme Court of Ohio but did not file an appeal. *See* S.Ct.Prac.R. 7.01 (notice of appeal to perfect a jurisdictional appeal to the Supreme Court of Ohio shall be filed within 45 days from the entry of judgment being appealed).

Redd's conviction became final and the AEDPA statute of limitations began to run when Redd's appellate filing deadline expired, i.e., October 31, 2013, or 45 days after the Eleventh District Court of Appeals dismissed Redd's appeal for failure to prosecute. *See Gonzalez v. Thaler*, 565 U.S. 134, 150, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012) (For petitioners not seeking review in the Supreme Court, "the judgment becomes final . . . when the time for pursuing direct review in [the Supreme] Court, or in state court, expires."). Thus, the one-year AEDPA statute of limitation started to run on November 1, 2013, and expired a year later on November 1, 2014.

Redd filed his federal habeas Petition with this Court on February 8, 2017, well beyond the expiration of the AEDPA one-year statute of limitation. Accordingly, absent tolling, Redd's Petition is barred by the one-year statute of limitations under § 2244(d)(1)(A). Redd does not argue that statutory tolling[6] applies in this case but he argues that equitable tolling should save his petition from being time-barred. He concedes that, "unless equitable tolling applies in his case, then the one year time bar applies." Doc. 11, p. 10. Accordingly, the undersigned's

---

[6] Under statutory tolling, the statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt,* 337 F.3d 638, 640 (6th Cir. 2003). This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).

analysis is focused on the issue of equitable tolling.[7]

### *Equitable tolling principles*

AEDPA's statute of limitations is subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)). Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 Fed. Appx. 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). There are two forms of equitable tolling: (1) *traditional* equitable tolling; and (2) *actual innocence* equitable tolling. As discussed below, a petitioner, by satisfying the *Holland* two-part test, may be entitled to traditional equitable tolling. Additionally, a petitioner may be entitled to actual innocence equitable tolling. However, for the reasons set forth below, Redd is entitled to neither form of equitable tolling.

### *Redd is not entitled to traditional equitable tolling*

A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently[;]" <u>and</u> (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Equitable tolling is "applied sparingly" and is evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted).

---

[7] The undersigned notes that Respondent agrees that Redd is entitled to some statutory tolling. Respondent indicates that the filing of Redd's unsuccessful Motion to Reinstate Case served to toll the AEDPA statute of limitations from December 4, 2013 – the date the motion was filed – until March 11, 2014 – the date the court of appeals denied the motion. Doc. 8, p. 6. Thus, Respondent states that the statute of limitations was tolled for 34 days, i.e., from November 1, 2013, to December 4, 2013; the clock resumed on March 11, 2014, when the court of appeals denied the motion to reinstate; and AEDPA's one-year limitation period expired 331 days later on February 5, 2015. Petitioner does not challenge these calculations or assert an entitlement to any additional statutory tolling.

8

Redd contends that his case "is almost a text book case where equitable tolling should apply." Doc. 11, p. 10. The undersigned finds otherwise. Redd argues that ineffective assistance of counsel stood in his way from prosecuting his direct appeal and therefore he should be excused from failing to timely file his federal habeas petition. However, Redd's appeal was dismissed for failure to prosecute on September 16, 2013. Doc. 8-1, p. 40. Thereafter, his request, through appellate counsel, to reinstate his appeal was denied by the court of appeals on March 11, 2014. Doc. 8-1, p. 47.

Notwithstanding the rulings by the court of appeals on September 16, 2013, and March 11, 2014, Redd waited until March 23, 2015, to seek leave to file a delayed appeal. Doc. 8-1, pp. 48-59. Redd has failed to show how alleged ineffective assistance of counsel in 2013 regarding the dismissal of his appeal for failure to prosecute excuses his lack of diligence in filing his federal habeas petition. He has not provided an explanation for waiting more than a year from the court of appeals' denial of his request to reinstate his case to seek to leave to pursue his appeal. Any claim that he was unaware of his appeal rights is unsupported by the record. As found by the court of appeals – "[P]age six of appellant's signed plea reflects that he was advised by counsel and the trial court that he had a limited right to appeal his sentence within 30 days." Doc. 8-1, pp. 14, 76. Further, he does not contend that he was not timely notified of either the September 16, 2013, or March 11, 2014, rulings by the court of appeals. *See e.g.,* Doc. 11, p. 4 ("Admittedly, the record is somewhat unclear as to precisely when the Petitioner learned of these events."). Moreover, after the Supreme Court of Ohio, on February 10, 2016, declined jurisdiction of his appeal from the court of appeals' denial of his motion for leave to file a delayed appeal (Doc. 8-1, p. 97), Redd waited almost another full year to file his federal habeas petition.

9

Considering the foregoing, the undersigned concludes that, even if Redd could demonstrate that the alleged ineffective assistance of counsel dating back to the dismissal of his appeal for failure to prosecute in 2013 was an "extraordinary circumstance [that] stood in his way and prevented timely filing," Redd cannot satisfy the first prong of the two-part *Holland* test, namely, that "he has been pursuing his rights diligently[.]" *Holland*, 560 U.S. at 649. Accordingly, traditional equitable tolling is not warranted.

### *Redd is not entitled to actual innocence equitable tolling*

In addition to equitable tolling under the traditional two-part test outlined above, "a petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012). "A valid claim of actual innocence requires '*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis supplied). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court has underscored the fact that "the miscarriage of justice exception . . . applies to a *severely confined category*: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933 (2013) (quoting *Schulp*, 513 U.S. at 329) (emphasis supplied).

Redd pleaded no contest. Moreover, he does not present new, reliable evidence to support a claim of factual innocence. Any asserted claim of innocence is one of legal insufficiency. Accordingly, the undersigned finds no basis for concluding that Redd should be

entitled to tolling of the statute of limitations based on a claim of actual innocence.

## IV. Conclusion and Recommendation

For the reasons set forth above, the undersigned concludes that Redd's Petition is barred by the statute of limitations under § 2244(d)(1)(A). Thus, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 8) and **DISMISS with prejudice Redd's Petition (Doc. 1)** as barred by the statute of limitations.

August 22, 2017

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).