# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY E. REDD, JR., | ) | CASE NO. 4:17CV280 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| TOM SCHWEITZER, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Stanley E. Redd, Jr.'s Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses Petitioner's Petition as time barred.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

In May 2011, the Trumbull County Grand Jury indicted Petitioner on two counts of Trafficking in Cocaine and one count of Possession of Cocaine. All three counts included Forfeiture Specifications. In January 2013, Petitioner withdrew his not guilty plea and entered a plea of no contest to an amended Indictment, which included two counts of Drug Trafficking and one count of Possession of Cocaine, including the Forfeiture Specifications. The Plea Agreement included an explanation of Petitioner's appeal rights. On April 17, 2013, Petitioner was sentenced to eleven months in prison on each of Counts One and Two and four years in prison on Count Three, to be served concurrent to each other for a total prison sentence of four years.

On May 23, 2013, Petitioner filed a Notice of Appeal to the Eleventh District Court of Appeals. On August 1, 2013, the State filed a Motion to Dismiss the appeal for failure to prosecute, arguing that Petitioner had failed to file an Appellate Brief as required by the appellate rules and had not filed a Motion for Extension of Time to file his Brief. Petitioner did not file an opposition to the State's Motion to Dismiss. On September 16, 2013, the Court of Appeals granted the State's Motion to Dismiss and dismissed the Appeal for failure to prosecute.

On December 4, 2013, Petitioner filed a Motion to Reinstate Case. The State filed an Opposition. On March 11, 2014, the Court of Appeals denied Petitioner's Motion to Reinstate Case. The Court of Appeals explained that Petitioner's brief was due on July 22, 2013 and was not dismissed by the Court of Appeals for failure to prosecute until September 16, 2013. Petitioner did not file a Motion to Reinstate until December 4, 2013.

On March 23, 2015, Petitioner filed a Notice of Appeal and Motion for Leave to

2

File Delayed Appeal in the Court of Appeals. On August 3, 2015, the Court of Appeals overruled Petitioner's Motion for Leave and dismissed his Appeal. On September 17, 2015, Petitioner filed a Notice of Appeal from the Eleventh District Court of Appeals' August 3, 2015 Judgment with the Supreme Court of Ohio. On October 16, 2015, the State filed a Memorandum in Opposition. On February 10, 2016, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's Appeal.

Petitioner filed the instant Petition on February 8, 2017, asserting one ground for relief:

> **GROUND ONE:** Petitioner's constitutional rights pursuant to, inter alia, the due process clause of the federal constitution, were violated when the Ohio state courts failed to liberally construe Petitioner's filings and ignored a stark violation of Petitioner's right to effective assistance of counsel.

On February 13, 2017, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. Respondent filed a Motion to Dismiss the Petition as Time-Barred on April 26, 2017. The Magistrate Judge issued his Report and Recommendation on January 21, 2016. On February 8, 2016, Petitioner filed an Objection to the Magistrate's Judge's Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a

3

case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court and made retroactively applicable to cases on
> Collateral review; or
>
> (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered
> through the exercise of due diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted
> toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

The Magistrate Judge correctly points out that Petitioner's one-year AEDPA statute of limitation started to run on November 1, 2013, and expired a year later on November 1, 2014. Petitioner filed his federal habeas Petition with this Court on February 8, 2017, well beyond the expiration of the AEDPA one-year statute of limitation. Petitioner seeks equitable tolling to save his Petition from being time-barred.

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 Fed. Appx. 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently[;]" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 649, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)).

Petitioner argues that his ineffective counsel was the reason his Appeal was

5

dismissed on September 16, 2013, however Petitioner waited until March 23, 2015, to seek leave to file a delayed Appeal. The record shows that Petitioner was informed of his appeal rights and Petitioner does not contend that he was unaware of the rulings by the Court of Appeals. The Magistrate Judge determined that Petitioner failed to show how alleged ineffective assistance of counsel regarding the dismissal of his Appeal excuses the late filing of his Habeas Petition. The Supreme Court of Ohio declined jurisdiction of Petitioner's Appeal on February 10, 2016, but Petitioner waited another full year to file the instant Petition.

The Court agrees with the Magistrate Judge that even if Petitioner could demonstrate that the alleged ineffective assistance of counsel dating back to the dismissal of his appeal in 2013 was the circumstance that prevented a timely filing, Petitioner cannot show that "he has been pursuing his rights diligently[.]" *Holland*, 560 U.S. at 649. Petitioner fails to provide any explanation for his delay in filing, other than to say that counsel was ineffective. Counsel is not guaranteed in discretionary proceedings, so the requirement to comply with the statute of limitations is Petitioner's alone. Therefore, the Court finds that Petitioner cannot satisfy the first prong of the *Holland* test.

The second prong of the *Holland* test may be satisfied by a showing of actual innocence. "[A] petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

6

accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis supplied). "The evidence must demonstrate factual innocence, not mere legal insufficiency." Id. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Magistrate Judge correctly concluded that Petitioner does not present new, reliable evidence to support a claim of factual innocence. The Court agrees that there is no basis for tolling based on a claim of actual innocence.

Petitioner's Objection to the Report and Recommendation does not provide the Court with any additional information that would affect the calculation of tolling. Petitioner simply restates that he pursued his rights diligently. Petitioner has not provided new, reliable evidence to show that he is actually innocent and thus he is not entitled to the actual innocence exception. Therefore, the Court finds that Petitioner's Petition is time-barred.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, grants Respondent's Motion to Dismiss and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody as time barred.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date:11/1/2017

s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**